# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DEISY JAIMES, ENRIQUE JAIMES, and GLORIA JAIMES, | ) ) ) | |
| Plaintiffs, | ) ) | 17 C 8291 |
| vs. | ) ) ) | Honorable Judge Jorge L. Alonso |
| COOK COUNTY, et al. | ) ) | |
| Defendants. | ) | |

### REPLY IN SUPPORT OF DEFENDANTS' MOTION
### TO DISMISS PLAINTIFF'S COMPLAINT

NOW COME Defendants, Sheriff Thomas J. Dart, in his individual capacity, Cara Smith, Nneka Jones, George Turner, Superintendent Jeff K. Johnsen, Sergeant Phillips, Sergeant Monroe, and Juanita Peterson, (collectively "Defendants") by their attorney, KIMBERLY M. FOXX, State's Attorney of Cook County, through her assistant, Michael P. Gorman, in support of their Motion to Dismiss Plaintiff's Complaint, reply as follows:

Plaintiffs' response incorrectly argues that Defendants' Motion to Dismiss seems to make two separate arguments for dismissal in relation to Plaintiffs' federal claims for excessive force, unreasonable seizure, and failure to intervene. Plaintiffs' misconstrue Defendants argument in this unnecessary bifurcation. Defendants' argument for dismissal of Plaintiff's federal claims at issue here, Counts (I)-(III), is that Plaintiffs' improper use of group pleading leads to the lack of sufficient allegations of personal conduct and thus pleaded themselves out of court. A civil rights complaint must outline a violation of the constitution or a federal statute and connect the violation to the named defendants. *Caldwell v. City of Elwood,* 959 F.2d 670, 672 (7th Cir. 1992). Defendants make no argument that Federal law does not require fact-pleading under

*Iqbal*. Rather, Defendants argue that each defendant is entitled to know what he or she did that is asserted to be wrongful. A complaint based on a theory of collective responsibility must be dismissed"); see also *Atkins v. Hasan*, No. 15-cv-203, 2015 WL 3862724, at *2–3 (N.D. Ill. June 22, 2015). Plaintiffs' repetition of the personally-named Defendants all together in repetition is no clearer than simply "Defendants." Defendants will concede that Plaintiffs did allege that Sheriff Dart and Executive Directors Smith and Jones and Cook County DOC 1st Assistant Executive Director Turner as policymakers for the jail. (Dkt. No. 48-2, ¶ 89-100.) This would separate their conduct from the others with respect to the *Monell* claims. The *Monell* claims, however, are not at issue here, as agreed previously.

Plaintiffs argue that their complaint does not allege *respondeat superior* liability, but their basis for liability is entirely predicated on a failure to prevent Officer Aguirre from committing an act of violence outside her work in a private matter. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Simply, supervisory official cannot be held liable for the conduct of his subordinates based on a theory of *respondeat superior*, and a complaint's allegations must indicate that the supervisory official was somehow personally involved in the constitutional deprivation. See *Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002). The alleged constitutional deprivation is by the Jaimes family based on Aguirre's attack. Clearly, none of the defendants have been alleged to be personally involved with this event, nor even deliberately indifferent to it, let alone aware that it would occur. Put simply, Plaintiffs do not allege that any Defendant had actual knowledge, as required under Section 1983, that this event was to occur. Thus, liability cannot follow.

Plaintiffs' response mistakenly argues that the Illinois Savings Statute allows Plaintiffs to add new parties to their complaint because they are sought to be held liable for identical conduct as laid out in their original complaint. The Illinois Savings Clause does not allow new claims against new Defendants who were not parties at all in the first action. *Brengettcy v. Horton*, U.S. Dist Lexis 45828 at *20 (N.D. Ill. Jun. 1, 2006)(St. Eve, J). Plaintiff's reliance on *Muhammad v. Oliver* for their purported proposition is misplaced. The Seventh Circuit has continued to apply the reasoning in *Evans* to hold that res judicata, and by extension § 13-217 (735 ILCS 5/13-217), will operate to bar a claim against a new defendant as long as the new defendant is sought to be held liable for the same conduct as the defendant who was named in the prior complaints. *Dvorak v. Granite Creek GP Flexcap I, LLC*, U.S. Dist. LEXIS 25211 at *15 (N.D. Ill. Feb. 23, 2017 (Durkin, J.) applying *Muhammad v. Oliver*, 547 F.3d 874, 877 (7th Cir. 2008) ("It is true that Evans was distinguished in Hendricks . . . . But in the present case all three defendants are sought to be held liable for the identical conduct . . . ."). Thus, Plaintiff's attempt to add the new parties to this case is without merit.

Plaintiffs finally argue that Defendant's argument regarding scope of employment is inapt as their state law claims are not directed at Aguirre. Defendants are well-aware that Plaintiffs' claims are not directed at Aguirre. That is the issue. Plaintiff's state law claims: (VIII) Willful and Wanton Conduct in Authorizing Services Weapons for Corrections Officers; (IX) Willful and Wanton Conduct in Hiring; (X) Willful and Wanton Conduct in Failing to Terminate each extend to Officer Aguirre's duties as a Sheriff's Deputy. None of the claims they have brought are based on her employment with the Cook County Sheriff's Office. These claims are based on an attempted-murder suicide that she pursued for personal reasons while off-duty. (See Generally *Plaintiff's Second Amended Complaint* Dkt No. 32-1).

## CONCLUSION

WHEREFORE, Defendants Sheriff Dart, in his individual capacity, Cara Smith, Nneka Jones, George Turner, Superintendent Jeff K. Johnsen, Sergeant Phillips, Sergeant Monroe, and Juanita Peterson respectfully request that this Court grant their motion to dismiss counts I, II, and III, and all state law claims against them with prejudice because they are time-barred and Officer Aguirre's actions were far outside the scope of her employment, and any other relief that this Court deems just.

Respectfully submitted,

KIMBERLY M. FOXX
State's Attorney of Cook County

By:   /s/ *Michael P. Gorman*
James Chandler
Anthony Zecchin
Assistant State's Attorneys
Cook County State's Attorney's Office
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-4366