IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEISY JAIMES, ENRIQUE JAIMES, and, GLORIA JAIMES, | ) ) ) |
| Plaintiffs, | ) ) Case No. 17 C 8291 |
| v. | ) ) Judge Jorge L. Alonso |
| COOK COUNTY, *et al.*, | ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Deisy Jaimes, Enrique Jaimes, and Gloria Jaimes have filed an eleven-count second amended complaint against defendants Cook County, Sheriff Thomas J. Dart, Cara Smith, Dr. Nneka Jones, George Turner, Superintendent Jeff K. Johnsen, Sergeant Phillips, Sergeant Monroe, Lieutenant Juanita Peterson, Lieutenant Sharon Lee, and the Estate of Erika Aguirre, alleging claims under 42 U.S.C. § 1983 (Counts I-III), *Monell* claims (Counts IV-VI), and various state law claims (Counts VII-XI). All defendants, except for Lieutenant Lee and the Estate of Erika Aguirre, move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Counts I, II, III, VII, VIII, IX, X and XI of plaintiffs' second amended complaint [74]. For the reasons set forth below, the motion is granted in part and denied in part. Status set for September 26, 2019 at 9:30 a.m.

**BACKGROUND**

For purposes of this motion, the Court accepts as true the following allegations in plaintiffs' second amended complaint:

On November 15, 2015, Cook County Jail Correctional Officer Erika Aguirre broke into the home of her ex-girlfriend, Deisy Jaimes ("Deisy"). Using her service weapon, Officer Aguirre

shot both Deisy and Deisy's father, Enrique, causing severe, permanent injuries to each. Officer Aguirre then took her own life. Prior to the shooting, Officer Aguirre and Deisy had lived together for four years. During that time, Officer Aguirre had been verbally and emotionally abusive to Deisy. Officer Aguirre also had two disciplinary incidents at work, both of which involved her losing her temper. Deisy ended the relationship a few months before the shooting.

The Cook County Sheriff's Office deputizes its correctional officers, thereby authorizing these officers to carry a service weapon. Correctional officers who work at the Jail are prohibited from bringing their service weapons into the Jail. According to plaintiffs, correctional officers at the Jail regularly subject detainees to excessive force, and supervisory officials at the Cook County Sheriff's Office and the Cook County Jail have a history of covering up or condoning this behavior.

On November 14, 2016, plaintiffs filed a complaint in the Circuit Court of Cook County, Illinois against defendants Cook County, the Sheriff of Cook County in his official capacity, and the Cook County Department of Corrections, alleging claims of willful and wanton conduct (Counts I-II) and loss of consortium (Count III). On November 29, 2016, plaintiffs filed a motion pursuant to 735 ILCS 5/2-1009(a) to voluntarily dismiss the matter without prejudice. The motion was granted on December 2, 2016. On November 15, 2017, plaintiffs filed the instant action and added several new defendants and several new claims.

Defendants now move to dismiss, arguing that plaintiffs have filed an impermissible group pleading, the state law claims against certain defendants are time-barred, and Officer Aguirre was not acting within the scope of her employment at the time of the incident.

**STANDARD**

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a

2

complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (ellipsis omitted). Under federal notice-pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. Stated differently, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts must] accept the well-pleaded facts in the complaint as true, but [they] 'need[] not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Alam v. Miller Brewing Co*., 709 F.3d 662, 665-66 (7th Cir. 2013) (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)).

## DISCUSSION

### I. Statute of limitations affirmative defense

Failure to comply with a statute of limitations is an affirmative defense. Fed. R. Civ. P. 8(c)(1). A plaintiff need not plead around an affirmative defense, and the Court may dismiss on the basis of an affirmative defense only where a plaintiff alleges, and thus admits, the elements of the affirmative defense. *Chicago Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613-14 (7th Cir. 2014); *United States Gypsum Co. v. Indiana Gas Col, Inc.*, 350 F.3d 623, 626 (7th Cir. 2003).

Plaintiffs' claim for relief arises from the November 15, 2015 incident. Plaintiffs first filed suit against Cook County, the Sheriff of Cook County, and the Cook County Department of Corrections (the "original defendants") on November 14, 2016. Roughly two weeks later, on November 29, 2016, plaintiffs voluntarily dismissed the action with leave to re-file. On November 15, 2017, plaintiffs filed this action and added several new defendants, including Cara Smith, Nneka Jones, George Turner, Superintendent Johnsen, Sergeant Phillips, Sergeant Monroe, and Juanita Peterson (the "newly added defendants").

As the Court understands defendants' argument, defendants move to dismiss plaintiffs' state law claims (Counts VII – XI) against the newly added defendants, arguing that these claims are time-barred by the one-year statute of limitations period under the Illinois Tort Immunity Act. *See* 745 ILCS 10/8-101(a). Defendants say that plaintiffs cannot save these claims, even with the Illinois Savings Statute, 735 ILCS 5/13-27, because plaintiffs did not name these defendants in their first suit. Defendants argue that the Illinois Savings Statute does not allow new claims against new defendants who were not parties to the first action. (Dkt. 96, pg. 3 (citing *Brengettcy v. Horton*, No. 01 C 197, 2006 WL 1793570, at *7 (May 5, 2006)). According to defendants, the applicable statute of limitations period for the state law claims against these defendants expired on November 15, 2016—one year before plaintiffs filed this action.

Plaintiffs respond that their state law claims against all defendants, including the newly added defendants, are timely pleaded because the Illinois Savings Statute allows a plaintiff to re-file claims within one year after a voluntary dismissal. *See* 735 ILCS 5/13-217. In support, plaintiffs rely on *Muhammed v. Oliver*, 547 F.3d 874 (7th Cir. 2008), where the court noted, "if . . . there are multiple defendants, the extinction of the claim against one . . . extinguishes the plaintiff's claim against the others . . . if the claim against them arose out of the same facts as the

4

first claim." *Id.* at 877. Plaintiffs argue conversely here: they say that they may add new defendants to their re-filed complaint so long as the complained-of conduct is identical to that alleged in their original complaint. The Court disagrees.

Under the Illinois Tort Immunity Act, "[n]o civil action . . . may be commenced in any court against a local entity or any of its employees unless it is commenced within one year from the date that the injury was received or the cause of action accrued." 745 ILCS 10/8-101(a). The Illinois Savings Statute allows a plaintiff who voluntarily dismisses an action to commence a new action within one year of the date of dismissal. *See Mabry v. Boler*, 972 N.E.2d 716, 720 (Ill. App. 2012); *Evans ex. rel. Evans v. Lederle Labs.*, 167 F.3d 1106, 1112 (7th Cir. 1999); 735 ILCS 5/13-217.

The Court finds that plaintiffs' claims against the newly added defendants are not timely and cannot be saved through the Illinois Savings Statute. As noted, plaintiffs' claim for relief stems from the November 15, 2015 incident. Under the Illinois Tort Immunity Act, plaintiffs were required to file any claims against a local entity or any of its employees within one year, or by November 15, 2016. Plaintiffs did so by filing suit against defendants Cook County, the Sheriff of Cook County, and the Cook County Department of Corrections on November 14, 2016. However, plaintiffs waited another year to file their claims against the newly added defendants. Unfortunately for plaintiffs, this delay bars plaintiffs from asserting the state law claims against the newly added defendants. *See Brengettcy*, 2006 WL 1793570, at *7 (the Illinois Savings Statute allows a plaintiff to refile only the state law claims that were dismissed against one of the original defendants; plaintiff cannot file new clams against new parties). Accordingly, plaintiffs' state law claims against defendants Cara Smith, Nneka Jones, George Turner, Superintendent Johnsen,

5

Sergeant Phillips, Sergeant Monroe, and Juanita Peterson are not timely and are dismissed with prejudice.

**II.      Group Pleading**

Defendants also contend that plaintiffs have not adequately pleaded causes of action against each defendant individually. Defendants argue that plaintiffs improperly base their complaint on a theory of collective responsibility. (Dkt. 74, pgs. 7-8 (citing *Knight*, 725 F.3d at 818 ("A complaint based on a theory of collective responsibility must be dismissed.") and *Atkins v. Hasan*, No. 15 C 203, 2015 WL 3862724, at *3 (N.D. Ill. 2015) (finding plaintiffs' complaint insufficient because many of plaintiffs' allegations were not directed at "all of the defendants")). Defendants further argue that plaintiffs have not sufficiently pleaded their Section 1983 claims against them because plaintiffs do not allege that defendants personally participated in any violation of plaintiffs' constitutional rights or that defendants had any actual knowledge that this event would occur.  Defendants also say that plaintiffs have, at best, improperly presented a *respondeat superior* allegation against Superintendent Johnsen based on his supervisory position.

In response, plaintiffs say that they need not name each defendant individually in each paragraph.  Rather, they may direct allegations at a group or a subgroup of defendants.  (Dkt. 82, pg. 9 (citing *Brooks v. Ross*, 578 F.3d 574, 582 (7th Cir. 2009) (collective pleading is allowed when a plaintiff directs its allegations "at all of the defendants.") and *Warren ex rel. Warren v. Dart*, No. 09 C 3512, 2010 WL 4883923, at *7 (N.D. Ill. Nov. 24, 2010) (noting that plaintiffs need not explicitly parse which of the named defendants were responsible for the alleged acts or omissions)). Plaintiffs say they have done so here.  In their second amended complaint, plaintiffs allege that Superintendent Johnsen, Lieutenants Lee and Peterson, and Sergeants Phillips and Monroe "personally witnessed or were directly informed of Officer Aguirre's misconduct and

troubled behavior at the Cook County Jail." (Dkt. 82, pg. 10 (citing dkt. 32-1 at ¶¶ 58-64).) They say that these defendants witnessed Officer Aguirre's emotionally unstable behavior but did not take any steps to correct the behavior through discipline, counseling, or testing. Instead, these defendants acted pursuant to a code of silence. Likewise, plaintiffs say that they have pleaded sufficient facts against Sheriff Dart, Smith, Jones, and Turner because they identify these defendants as policymakers and make "multiple detailed allegations about their knowledge/notice and fostering of unconstitutional policies that led to the [incident]." (Dkt. 82, pg. 10.) Plaintiffs contend that these defendants had notice of widespread misconduct in the Jail involving excessive force. They say that officers who would engage in such misconduct would often also engage in this behavior at home, in the form of domestic violence. Plaintiffs further allege that these defendants knew that the use of force early intervention program was not working and that officers who engage in misconduct at the Jail pose a serious risk of harm to the public. According to plaintiffs, these defendants failed to adequately train, supervise, and discipline officers at the Jail, and they maintained a code of silence. Lastly, plaintiffs say that they are not pursuing liability under a theory of *respondeat superior*, which is not allowed under Section 1983. Rather, they are pursuing a theory of supervisor liability that can be established when a supervisor approves unconstitutional conduct and the basis for that conduct. (Dkt. 82, pgs. 11-12 (citing *Backes v. Village or Peoria Heights, Ill.*, 662 F.3d 866, 869-70 (7th Cir. 2011) ("Supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference.")).

Under the notice-pleading requirement of Fed. R. Civ. P. 8(a)(2), a complaint need not provide extensive details, but it must state enough to "give the defendant fair notice of what the

claim is and the grounds upon which it rests" and "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (2007) (citation omitted). In other words, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "For a claim to be plausible and to meet the notice requirements of Rule 8, the complaint must explain each defendant's allegedly wrongful actions." *Heartland Consumer Prod. LLC v. DineEquity, Inc.*, No. 17-CV-01035-SEB-TAB, 2018 WL 465784, at *4 (S.D. Ind. Jan. 18, 2018) (citing *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013)). "However, a plaintiff need not extensively elaborate on the details of each individual defendant to comply with Rule 8." *Id*. (internal citations and brackets omitted). Liability exists under Section 1983 when an individual defendant caused or participated in a constitutional deprivation. *Hildebrandt v. Ill. Dep't of Nat. Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003). For supervisors, the personal responsibility requirement is satisfied when the conduct causing the constitutional deprivation occurs at the supervisor's direction or with the supervisor's knowledge and consent. *Id*. (quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)). In other words, there must be some causal connection or affirmative link between the complained-of action and the official sued. *Id*.

Here, plaintiffs' factual allegations are sufficient to put defendants on notice of the claims against them. Collective pleading is allowed when a plaintiff directs its allegations "at all of the defendants." *See Brooks*, 578 F.3d at 582. When multiple defendants are involved, a plaintiff need not explicitly parse which of the named defendants were responsible for which alleged acts or omissions, so long as all were allegedly on notice of a particular risk, which they disregarded. *See Warren*, 2010 WL 4883923, at *7. Plaintiffs plausibly allege that Superintendent Johnsen, Lieutenants Lee and Peterson, and Sergeants Phillips and Monroe witnessed and/or were made

8

aware of Officer Aguirre's misconduct at the Cook County Jail but did not take any steps to discipline and/or correct the behavior.  As for defendants Sheriff Dart, Smith, Jones, and Turner, plaintiffs plausibly allege that these defendants are policymakers who had notice or were aware that: Cook County Jail officers would oftentimes use excessive force against detainees; officers who use excessive force at the Jail would oftentimes engage in this behavior in public and/or at home, in the form of domestic violence; and, the Cook County Jail Early Intervention Program was ineffective in identifying and/or dealing with officers who are likely to engage in excessive force and/or are prone to violence.  According to plaintiffs, these defendants failed to adequately train, supervise, and discipline officers at the Jail, and they maintained a code of silence.  Like the plaintiffs in *Brooks*, plaintiffs direct their claims at all of the defendants.  *Compare Brooks*, 578 F.3d at 582 (collective pleading permissible when allegations are directed "at all of the defendants"), *with Atkins v. Hasan*, No. 15 C 203, 2015 WL 3862724, at *3 (N.D. Ill. 2015) (collective pleading impermissible when allegations are directed at only some, or possibly none, of the defendants).

The Court also finds that plaintiffs' allegations sufficiently plead personal involvement. Plaintiffs allege that defendants Superintendent Johnsen, Lieutenants Lee and Peterson, and Sergeants Phillips and Monroe had knowledge or were aware of Officer Aguirre's misconduct but turned a blind eye.  Plaintiffs also allege that defendants Sheriff Dart, Smith, Jones, and Turner are policymakers who were aware of unconstitutional policies that, according to plaintiffs, led to the incident in November 2015.  Despite this awareness, these defendant policymakers turned a blind eye.  Although plaintiffs' allegations are somewhat tenuous, they are sufficient at this stage of the proceedings.  *See Warren*, 2010 WL 4883923, at *7 (complaint names persons allegedly responsible for detainee's death and plausibly supports an inference that these persons had

9

subjective knowledge of the risk to detainee's health); *see also Atkins*, 2015 WL 3862724, at *3 n.3 (noting difference between "supervisory liability" and *respondeat superior* liability). Accordingly, defendants' motion to dismiss on the basis of impermissible group pleading is denied.

### III.     Scope of Employment

Defendants also argue that plaintiffs' state law claims should be dismissed because Officer Aguirre was acting beyond her scope of employment, and, therefore, her employers should not be held liable as defendants. In other words, her actions were personal in nature. Defendants contend that a municipality may only be held liable for the tortious conduct of an officer when that officer is acting within the scope of her employment. Plaintiffs respond that their state law claims (Count VII – Breach of Duty in Hiring, Training, and Supervising (Negligence); Count VIII – Breach of Duty in Authorizing Service Weapons for Corrections Officers (Willful and Wanton Conduct); Count XI – Breach of Duty in Hiring (Willful and Wanton Conduct); Count X – Breach of Duty in Failing to Terminate (Willful and Wanton Conduct); and Count XI – Loss of Consortium) are against defendants for defendants' own actions and failures to act; plaintiffs are not trying to impute Officer Aguirre's liability to them. The Court agrees and finds that, at this stage, plaintiffs may proceed with their state law claims against the remaining defendants. *See LaPorta v. City of Chi.*, 102 F. Supp. 3d 1014, 1019 (N.D. Ill. Apr. 24, 2015) (allowing plaintiff to proceed on claim of willful and wanton conduct for failure to train or supervise).

## CONCLUSION

For these reasons, defendants' motion to dismiss is granted in part and denied in part. Defendants' motion to dismiss is granted as to plaintiffs' state law claims against defendants Cara Smith, Nneka Jones, George Turner, Superintendent Johnsen, Sergeant Phillips, Sergeant Monroe,

and Juanita Peterson. These claims are dismissed with prejudice. Defendants' motion to dismiss is otherwise denied. Status set for September 26, 2019 at 9:30 a.m.

**SO ORDERED.**  ENTERED: September 13, 2019

_____
**HON. JORGE ALONSO**
**United States District Judge**