IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEISY JAIMES, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 17-cv-08291 |
| | ) | |
| v. | ) | |
| | ) | Hon. Judge Jorge L. Alonso |
| COOK COUNTY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION IN SUPPORT OF
DENIAL OF SUPPLEMENTAL JURISDICTION OVER STATE CLAIMS**

Plaintiffs DEISY JAIMES, ENRIQUE JAIMES, and GLORIA JAIMES, by

and through their attorneys, LOEVY & LOEVY, respectfully submit the following

response in opposition to Defendants' motion requesting that this Court relinquish

supplemental jurisdiction over Plaintiffs' state law claims. In support, they state as

follows:

## I.    INTRODUCTION

The Seventh Circuit directed this Court to consider on remand whether "the

factors of judicial economy, convenience, fairness and comity" warrant retaining

supplemental jurisdiction over Plaintiffs' state law claims. In doing so, the appellate

court recognized that this Court is the only forum enabled to consider these claims

and implicitly rejected Defendants' waiver argument. Defendants nevertheless

argue waiver at length in their motion, asking this Court to ignore the appellate

court's clear instructions to weigh the relevant supplemental-jurisdiction factors.

Defendants then devote just one page of their brief to these factors, arguing in

1

essence that this Court should not retain jurisdiction because doing so would be unfavorable to them—a self-serving argument that should be rejected. This Court should conclude instead that, because the running of the statute of limitations means Plaintiffs' state law claims cannot now be refiled in state court without Defendants' consent, fairness and respect for state substantive law (*i.e.*, comity) weigh in favor of retaining jurisdiction. And because these claims are already fully briefed under Rule 56, the factors of judicial economy and convenience do not warrant relinquishment. For these reasons, Defendants' motion should be denied and the Court should exercise its discretion to retain jurisdiction over Plaintiffs' supplemental claims. Alternatively, this Court should relinquish jurisdiction on condition that Defendants agree to waive their statute of limitations defense in state court.

## II.    ARGUMENT

This Court ought to retain jurisdiction over Plaintiffs' state law claims and rule on Defendants' fully briefed motion for summary judgment with respect to those claims. Although district courts generally should relinquish jurisdiction over supplemental claims when all federal claims are dismissed before trial, there are at least three exceptions to that general rule. *Sharp Elecs. Corp. v. Metro. Life Ins. Co.*, 578 F.3d 505, 514 (7th Cir. 2009), *citing Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994). These exceptions are: (1) "when the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court"; (2) "when substantial judicial resources have already been committed, so that

2

sending the case to another court will cause a substantial duplication of effort"; or (3) "when it is absolutely clear how the pendent claims can be decided." *Wright*, 29 F.3d at 1251. Any one of these exceptions warrants retention of supplemental jurisdiction. In considering these exceptions, district courts are to weigh the factors of "judicial economy, convenience, fairness and comity." *Id.*

The first recognized exception to the general rule squarely applies in this case. The statute of limitations has run on Plaintiffs' state law claims, precluding refiling in state court without Defendants' consent. Ordinarily, the Illinois "one-refiling rule" would have permitted Plaintiffs to re-file their lawsuit within a year after the district court's dismissal. *See* 735 ILCS 5/13-217; *Carr v. Tillery,* 591 F.3d 909, 914 (7th Cir. 2010) (discussing the one-refiling rule). But Plaintiffs are barred from refiling because they (with prior counsel) already utilized the one-filing rule by first filing in state court, voluntarily dismissing that suit, and subsequently filing in federal court. *See Timberlake v. Illini Hosp.,* 175 Ill.2d 159 (1997) (holding that section 13–217 barred refiling by plaintiff who had already voluntarily dismissed action in state court and had action dismissed for lack of pendent jurisdiction in federal court).

The upshot is that no court is likely to reach the merits of Plaintiffs' state law claims if this Court does not. As a result, this Court should chose to retain jurisdiction over those claims. *See O'Brien v. Continental Illinois Nat'l Bank & Trust,* 593 F.2d 54, 64–65 (7th Cir. 1979) (remanding with instructions to retain jurisdiction over state law claims because the statute of limitations had run); *see*

*also Miller v. Herman*, 600 F.3d 726, 738 (7th Cir. 2010) (remanding dismissal of plaintiff's state law claims for district court to determine whether to exercise supplemental jurisdiction and noting that Miller's inability to seek relief in state court should bear on the district court's decision); *Giardiello v. Balboa Insurance Co.*, 837 F.2d 1566, 1571 (11th Cir. 1988) ("Whether the state claims might now be barred by the state statute of limitations is an important concern."); *Joiner v. Diamond M Drilling Co.*, 677 F.2d 1035, 1043 (5th Cir. 1982) (recognizing a federal court may retain and adjudicate state-law claims when "a dismissal might deprive the parties of any forum").

In *O'Brien*, the Seventh Circuit explained that, when "a plaintiff has pursued his federal claim in good faith and with diligence, his pendent claim should not be foreclosed by the passage of the time required to dispose of the federal claim." *Id.* at 65. Plaintiffs diligently pursued their federal claims in good faith, and so their supplemental claims, as in *O'Brien*, should not be foreclosed because time was needed to resolve the federal claims. Other courts in this district have opted to retain jurisdiction under such circumstances. *See, e.g.*, *Bless v. Cook Cnty. Sheriff's Off.*, No. 13 C 4271, 2020 WL 4437666, at *3 (N.D. Ill. Aug. 3, 2020) (retaining jurisdiction because "an Illinois court would likely refuse to hear" the claim); *Holdt v. A-1 Tool*, No. 04 C 4123, 2010 WL 3034761, at *1 (N.D. Ill. Aug. 3, 2010) (deciding, on reconsideration, to retain supplemental jurisdiction because the state law claims would likely be barred in state court); *Cabrera v. World's Finest Chocolate, Inc.*, No. 04 C 0413, 2004 WL 1535850, at *6 (N.D. Ill. July 7, 2004) (retaining jurisdiction in

4

part because "the statute of limitations has run on most of the state law claims, precluding the assertion of those claims in state court").

Defendants may attempt to distinguish *O'Brien* in their reply brief on the ground that, here, Plaintiffs previously filed and voluntarily dismissed their suit in state court, a situation not present in *O'Brien*. But the salient issue in *O'Brien* was simply the plaintiff's inability to litigate in state court because the state statute of limitations had run during the pendency of the federal suit. Moreover, in *Miller v. Herman*, the plaintiff had previously filed in state court and voluntarily dismissed, just as here, and the appellate court remanded without placing any negative emphasis on that earlier filing. 600 F.3d at 729 ("They voluntarily dismissed that complaint, however, to pursue the present action against Herman, Herman & Associates, and Pella in the Northern District of Illinois."). The same was true in *Holdt*, where the district court opted to retain jurisdiction because of the impact of a previous state court filing. *See* 2010 WL 3034761, at \*1 ("Tool had previously filed suit in state court against Arciniegas alleging claims based on facts similar in part to those in the instant case."). The approach of the district court in *Holdt* is appropriate in this case as well.

Defendants' main argument to the contrary is that waiver bars Plaintiffs from asking this Court to retain jurisdiction. But Defendants presented this same waiver argument on appeal to no avail, and the Seventh Circuit has instructed this Court to consider whether to retain jurisdiction on the merits. *Jaimes v. Cook Cnty.*, No. 21-1958, 2022 WL 2806462, at \*4 (7th Cir. July 18, 2022) ("We remand to

5

provide the district court the opportunity to . . . decide whether to exercise supplemental jurisdiction under the particular circumstances of this case."). Deciding this issue on waiver grounds would directly conflict with the appellate court's remand instructions.[1]

On the actual merits of retaining jurisdiction, Defendants say very little. Dkt. 262 at 6–7. Addressing the "fairness" factor, they repeat their waiver argument and then basically repeat it once more.[2] On the "comity" factor, they contend that comity would not be served without saying why. They then argue that judicial economy and convenience are served by relinquishing jurisdiction because this case would then be over, with no opportunity to return to state court, meaning no more judicial resources would be expended.

---

[1]    Additionally, Plaintiffs pointed out on appeal that their inability to refile in state court was recognized by this Court at the motion to dismiss stage. *See Deisy Jaimes,* et al. *v. Cook County,* et al., No. 21-1958 (7th Cir.), dkt. 32 at 15–16. Plaintiffs, while conceding that they should have reminded this Court at summary judgment that their state law claims could no longer be adjudicated in state court, also emphasized that the law in this Circuit is unsettled on whether an argument made at an earlier stage of a case is thereby preserve at a later stage. *Id., citing Kuri v. City of Chicago*, 990 F.3d 573, 574–75 (7th Cir. 2021) ("The law of this circuit about the use of arguments at one stage of a case to preserve points dropped later on may need attention, but this is not the appeal that requires it. We shall assume for the sake of argument that defendants' arguments have been preserved."). The Seventh Circuit did not analyze the issue at length but did not find waiver.

[2]    The closest Defendants come to addressing fairness on the merits is to contend that the passage of time since the Court issued its summary judgment ruling means that deciding the state law claims now would be unfair to them. Dkt. 262 at 6 ("If Plaintiffs are allowed to raise arguments for the first time on appeal and obtain review of their state claims over a year after the court ruled granted summary judgment Defendants will be unable to expect any finality in litigation."). But Defendants cannot contend that they were ignorant throughout that time period that Plaintiffs were seeking to have the state law claims addressed by this Court—Plaintiffs filed their opening appellate brief in September 2021. Additionally, Defendants requested multiple briefing extensions on appeal and since the case was remanded. If Plaintiffs had known Defendants would attempt to use the passage of time since summary judgment against them, they would not have so readily agreed not to oppose those extensions.

In other words, Defendants are arguing that the inability to refile in state court—the precise fact that excepts Plaintiffs' claims from the general rule in favor of relinquishing jurisdiction—is actually a reason to relinquish jurisdiction. But if the Seventh Circuit understood the factors of judicial economy and convenience to be properly served by relinquishing jurisdiction when the statute of limitations bars a return to state court, then an inability to return to state court would not be one of the three recognized exceptions to the general rule calling for relinquishment of jurisdiction.

The "comity" factor also weighs in favor of retaining jurisdiction. Although Defendants do not substantively address this factor, the state has an interest in seeing its laws enforced, and this federal court would respect that state interest by not discarding Plaintiffs' state law claims without reaching their merits.

Finally, substantial judicial resources have already been expended in this case, meaning that the "judicial economy" factor does not weigh against retaining jurisdiction. This Court noted in its summary judgment decision that it had not yet "expended significant effort on the merits of the state law claims." Dkt. 237 at 30. But the fact remains that this Court has expended a great deal of effort on matters that bear directly on those claims. This Court oversaw four years of discovery, ruled on a motion to dismiss and numerous discovery disputes, analyzed a voluminous record when the proceedings reached summary judgment, and reviewed substantial summary judgment briefing, including *Daubert* briefs. While the Court has not considered the merits of Plaintiffs' state law claims, this familiarity with the record

puts it an excellent position to do so, meaning judicial economy would be served by the district court's retention of jurisdiction. *See Duckworth v. Franzen*, 780 F.2d 645, 656 (7th Cir. 1985) ("[T]he almost complete factual overlap between the main and pendent claims in the present case makes this a natural case for the retention."), *abrogated on other grounds*. Judicial economy does not provide a strong basis for relinquishing supplemental jurisdiction under these circumstances. *See, e.g., Montano v. City of Chicago*, 375 F.3d 593, 602 (7th Cir. 2004) (declining supplemental jurisdiction after discovery had closed was improper); *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 86 (2d Cir. 2018) (declining supplemental jurisdiction nearly two years into the proceedings was improper).

If, however, the Court opts to relinquish jurisdiction over Plaintiffs' state law claims, it should do so in a way that ensures Plaintiffs will still have their day in court. Courts in this circuit and elsewhere have long endorsed dismissals designed to achieve such ends. In *Duckworth,* the district court was instructed to dismiss the supplemental state claims on condition that the defendant waive the statute of limitations in state court and stipulate to the admissibility of evidence from the federal action. 780 F.2d 657. *See also Edwards v. Okaloosa Cty.,* 5 F.3d 1431, 1435 n.3 (11th Cir. 1993) ("When considering dismissal of pendent claims after a state statute of limitations has run, district courts commonly require the defendants to file a waiver of the statute of limitations defense as a condition of dismissal."). Defendants oppose this approach and, during oral argument on appeal, refused to agree to waive their statute of limitations defense, just as happened in *O'Brien*. 593

8

F.2d at 64–65 ("When questioned at oral argument, counsel for [defendants] . . . was unwilling to waive the statute of limitations as a condition of the dismissals."). But district courts are empowered to make such a waiver a condition of dismissal, *Edwards*, 5 F.3d at 1435 n.3, and this Court should not hesitate to do so if it declines to retain jurisdiction.

### III.    CONCLUSION

For the reasons given above, Defendants' motion should be denied and this Court should retain jurisdiction over Plaintiffs' state law claims. Alternatively, this Court should grant the motion on condition that Defendants agree to waive their statute of limitations defense in state court.

Respectfully submitted,

/s/ Julia Rickert
Julia Rickert
*Attorney for Plaintiff*

Arthur Loevy
Jon Loevy
Michael Kanovitz
Danielle Hamilton
Julia Rickert
LOEVY & LOEVY
311 North Aberdeen St., 3rd Floor
Chicago, Illinois 60607
(312) 243-5900

## **CERTIFICATE OF SERVICE**

I, Julia Rickert, an attorney, certify that on December 13, 2022, I caused the foregoing response brief to be filed using the Court's CM/ECF system, which effected service on all counsel of record.

/s/ Julia Rickert
Julia Rickert
*Attorney for Plaintiff*