**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

Deisy Jaimes, *et al.*,

        Plaintiffs,

     v.

Cook County, *et al.*,

        Defendants.

Case No. 17-cv-8291

Judge Jorge Alonso

## <u>Memorandum Opinion and Order</u>

Plaintiffs Deisy Jaimes, Enrique Jaimes, and Gloria Jaimes filed this lawsuit against Defendants Cook County, Sheriff Thomas Dart, and others under 42 U.S.C. § 1983 and Illinois law. On May 3, 2021, the Court granted summary judgment in Defendants' favor as to Plaintiffs' federal Section 1983 claims, relinquished supplemental jurisdiction over Plaintiffs' remaining state law claims, and dismissed their state law claims without prejudice. Following Plaintiffs' appeal, the case was remanded to this Court to determine whether to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims in light of additional arguments Plaintiffs raised. For the reasons below, the Court again declines to exercise supplemental jurisdiction over Plaintiffs' state law claims and dismisses those claims without prejudice.

## Background[1]

On November 14, 2016, and one day before the statute of limitations would have expired under the Illinois Tort Immunity Act, 745 ILCS 10/8-101(a), Plaintiffs brought state claims of

---

[1] The Court recounted the facts underlying Plaintiffs' claims in its prior summary-judgment order. (ECF No. 237.) The Court now focuses on the background relevant to the present post-remand proceedings.

willful and wanton conduct and loss of consortium in Illinois state court based on injuries they had suffered after being shot and injured by former Cook County Sheriff's Office correctional officer Erika Aguirre on November 15, 2015. (ECF No. 262-1.[2]) The next day, Plaintiffs moved to voluntarily dismiss their case without prejudice, as permitted by 735 ILCS 5/2-1009(a). (ECF No. 262-2.) The state court granted the motion on December 2, 2016. (ECF No. 262-3.)

On November 15, 2017, exactly one year after moving to dismiss their state case, Plaintiffs sued Defendants in this federal district, both reasserting their state law claims and bringing federal claims under 42 U.S.C. § 1983. (ECF No. 1.) Specifically, in their operative complaint, Plaintiffs brought six federal Section 1983 claims (Counts I–VI); a state law negligent hiring, training, and supervising claim against Sheriff Dart in his official capacity (Count VII); three state law claims alleging willful and wanton conduct against Sheriff Dart in his official capacity (Counts VIII–X); and a state law claim for loss of consortium against Sheriff Dart in his official capacity (Count XI). (ECF No. 32-1.)

Plaintiffs were able to refile their state law claims, notwithstanding that the statute of limitations had expired a year earlier, because of Illinois' "savings statute," which allows a plaintiff one (but only one) refiling of their claims within one year of a voluntary dismissal. 735 ILCS 5/13-217.

This Court eventually granted summary judgment in Defendants' favor as to Plaintiffs' federal claims. (ECF No. 237.) The Court further relinquished supplemental jurisdiction over Plaintiffs' state law claims and dismissed them without prejudice because it had "resolved all federal claims before it and has not yet expended significant effort on the merits of the state law claims." (*Id.* at 30.)

---

[2] Plaintiffs do not dispute the authenticity of this document or of Defendants' other exhibits.

Plaintiffs appealed to the U.S. Court of Appeals for the Seventh Circuit, challenging summary judgment as to their federal claims and also arguing that this Court should not have declined supplemental jurisdiction over their state law claims because those claims could no longer be brought in state court. They explained that the statute of limitations had expired on those claims and Plaintiffs could not refile them under Illinois' savings statute because they had already refiled those claims once—when they filed them in this Court.

The Seventh Circuit affirmed this Court's summary judgment and dismissal as to Plaintiffs' federal claims, but vacated its dismissal of Plaintiffs' state law claims and remanded for the Court "to consider [Plaintiffs'] argument and decide whether to exercise supplemental jurisdiction under the particular circumstances of this case." (ECF No. 251.)

On remand, remaining Defendants Cook County and Sheriff Thomas Dart filed a "Motion in Support of Denial of Supplemental Jurisdiction for State Claims" (ECF No. 262), and the parties briefed whether the Court should retain supplemental jurisdiction over Plaintiffs' state law claims following dismissal of their federal claims.

## Standard of Review

Under 35 U.S.C. § 1367(c), a district court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 35 U.S.C. § 1367(c). "[T]he general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." *Wright v. Assoc. Ins. Cos.*, 29 F.3d 1244, 1251 (7th Cir. 1994) (citation omitted). However, one exception to that general rule "may arise when the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court." *Id.* (citation omitted). The choice of whether to retain or relinquish jurisdiction "is

committed to the district court's judgment" and is reviewed for abuse of discretion. *RWJ Mgmt. Co. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 479 (7th Cir. 2012) (citation omitted). In exercising its discretion, the court "should consider and weigh the factors of judicial economy, convenience, fairness and comity." *Wright*, 29 F.3d at 1251.

## Discussion

In support of their motion, Defendants argue that Plaintiffs have waived their challenge to the Court relinquishing supplemental jurisdiction over Plaintiffs' state law claims because Plaintiffs did not address the issue during prior summary-judgment briefing. Defendants also substantively argue that various factors favor declining supplemental jurisdiction.

Plaintiffs counter that they have not waived their arguments and that the Court should retain jurisdiction over their state law claims because they are barred by the statute of limitations and cannot be refiled in state court. Plaintiffs explain that they already availed themselves of the Illinois savings statute's one-refiling rule when they refiled their state law claims in this Court in 2017—which Defendants do not dispute—and so no court is likely to reach the merits of their state law claims if this Court relinquishes jurisdiction over them. Plaintiffs also argue that factors of comity and judicial economy favor retaining jurisdiction.

At the outset, and despite Defendants' urging, the Court will not find Plaintiffs to have waived this jurisdiction issue. Though Plaintiffs did not present their argument regarding supplemental jurisdiction at the summary judgment stage, the Seventh Circuit nevertheless remanded the case with clear instructions for this Court "to consider this argument and decide whether to exercise supplemental jurisdiction." (ECF No. 251 at 6.) The Court therefore will do so.

4

Courts in this District have differed in deciding whether to relinquish jurisdiction over supplemental state law claims when plaintiffs cannot refile them in state court under Illinois' savings statute. For example, two prior cases favored retaining supplemental jurisdiction when plaintiffs had previously used up their opportunity to refile their state law claims under the savings statute and thus likely would be precluded from refiling them again. *See Von Holdt v. A-1 Tool*, No. 04 C 4123, 2010 WL 3034761 (N.D. Ill. Aug. 3, 2010); *see also Von Holdt v. A-1 Tool*, No. 04 C 4123, ECF No. 886 (N.D. Ill. Aug. 18, 2010) (ultimately retaining jurisdiction); *Metro. Life Ins. Co. v. O'M & Assocs. LLC*, No. 06 C 5812, 2009 WL 3015210 (N.D. Ill. Sept. 16, 2009). But in two more recent cases, courts relinquished jurisdiction under similar circumstances. *See Bhatia v. Vaswani*, No. 18-cv-2387, 2020 WL 3578004 (N.D. Ill. July 1, 2020); *Guaranteed Rate, Inc. v. Barr*, No. 12 C 5362, 2013 WL 2452293 (N.D. Ill. June 5, 2013).

The Court specifically notes the reasoning in *Barr* and *Bhatia* that "the statute of limitations exception to relinquishing supplemental jurisdiction does not apply in this case because Section 13-217 is not a statute of limitations." *Barr*, 2013 WL 2452293, at *5. Rather, it is a savings statute that "serves to relieve litigants of the limitations, not impose one of its own." *Id.* Thus, "the plaintiff's claims were not time-barred pursuant to a statute of limitation, but rather limited by an Illinois rule designed to prevent multiple filings." *Bhatia*, 2020 WL 3578004, at *4. This Court agrees that the Illinois savings statute is distinct from a statute of limitations and that expected dismissal resulting from a plaintiff's inability to invoke the statute thus does not fall squarely within the general exception against relinquishment of jurisdiction where a statute of limitations has run. Still, the Court will not go so far as to conclude that a plaintiff's inability to refile state law claims under Illinois' savings statute never can favor

retaining jurisdiction of those state law claims after the plaintiff's federal claims have been dismissed. The Court's conclusion that it should not retain jurisdiction over Plaintiffs' state law claims is driven not only by the formal classification of the savings statute but by the particular circumstances of this case.

Plaintiffs essentially ask for a bright-line rule requiring a federal court to retain supplemental jurisdiction whenever a plaintiff's state law claims are barred by the statute of limitations and the plaintiff cannot invoke Illinois' savings statute. But as noted elsewhere in this District, such a rule "would effectively create a fool proof four-step plan to force federal courts to hear cases arising entirely under state law without complete diversity of parties," and thus "retaining supplemental claims in federal court would become the general rule as opposed to the exception." *Barr*, 2013 WL 2452293, at *6. To guarantee federal consideration of their state claims, plaintiffs merely would have to file those claims in state court, then voluntarily dismiss and refile them in federal court—exactly what Plaintiffs did here. The Court will not adopt such an exploitable rule, but instead will weigh the relevant factors in this case to decide whether to retain supplemental jurisdiction over Plaintiffs' state law claims, including in light of Plaintiffs' refiling issue. Notably, in the *Miller* case cited by both parties, the Seventh Circuit similarly remanded the case with instructions for the district court to consider supplemental jurisdiction where the statute of limitations and savings statute seemed to preclude refiling of the plaintiff's claims. *Miller v. Herman*, 600 F.3d 726, 738 (7th Cir. 2010). On remand, the district court again declined to exercise supplemental jurisdiction, and the plaintiff was prevented from pursuing his claims in state court. *Miller v. Herman*, No. 06 C 3573 (N.D. Ill. May 5, 2010), ECF No. 138; *Miller v. Pella Corp.*, 2012 IL App (1st) 120847-U, ¶¶ 9, 16 (Ill. App. Ct. 2012) (noting that "the district court had discretion to retain or dismiss the supplemental state court claims" even after it

"was alerted to the potential consequences of any future state court filings," and concluding that "the circuit court was correct in refusing to entertain anything more than one refiling").

Here, Plaintiffs' actions in triggering the single-refiling rule under the Illinois savings statute in 2016 and 2017 indicate a litigation strategy of avoiding the one-year statute of limitations for their state law claims and maximally extending the time until they would have to prosecute their claims, rather than diligently pursuing them. They filed their state law claims in state court the day before the statute of limitations expired, then immediately and voluntarily dismissed them—giving themselves another year to refile them under the Illinois savings statute. Plaintiffs then refiled their state law claims in this Court after another year had passed, a year after the statute of limitations had expired and just before the savings statute too would have lapsed. By the time Plaintiffs actually pursued their claims on the merits, the statute of limitations had long since run.

Therefore, this is not a case in which plaintiffs brought and diligently pursued their state law claims within the statute-of-limitations period, but due to the passage of time during federal litigation face being unfairly shut out from continuing to pursue those claims unless the federal court keeps supplemental jurisdiction over their state law claims. Instead, Plaintiffs here avoided litigating their state law claims for as long as possible, including by strategically and voluntarily dismissing those claims and using up their opportunity to refile them one year later in this Court, well after the statute of limitations had passed. The statute of limitations did not expire during this federal case—it had expired a year before the case even started, and the case would have been untimely but for the savings statute. This case thus falls outside the classic exceptional case for retaining supplemental jurisdiction where the statute of limitations expired while the plaintiff diligently pursued their claims. *See O'Brien v. Cont'l Ill. Nat'l Bank & Tr.*, 593 F.2d 54, 65 (7th

Cir. 1979) ("At least when, as here, a plaintiff has pursued his federal claim in good faith and with diligence, his pendent claim should not be foreclosed by the passage of the time required to dispose of the federal claim."). As another court in this District concluded, the concern over losing an opportunity to refile state law claims "only arises when a pendent claim may have become time-barred *during the pendency* of the federal suit," not where the statute of limitations "lapsed *before* Plaintiff filed suit." *Pulliam v. City of Calumet City*, No. 17 C 913, 2018 WL 844421, at *8 (N.D. Ill. Feb. 12, 2018) (emphasis in original) (internal quotation marks and citation omitted). As in *Pulliam*, Plaintiffs here filed this case long after the statute of limitations on their state law claims had expired, and those claims now should be dismissed without prejudice. *See id.* These consequences result from Plaintiffs' own litigation tactics, and considerations of fairness do not favor retaining supplemental jurisdiction over Plaintiffs' state law claims.

As the Court previously explained, it "has not yet expended significant effort on the merits of the state law claims," and so judicial economy and convenience also do not warrant retaining jurisdiction over those claims. (ECF No. 237 at 30.) The mere fact that the parties may have spent time and resources litigating Plaintiffs' state law claims does not require the Court to maintain jurisdiction over them after dismissing their federal claims. *See Pulliam*, 2018 WL 844421, at *8 ("Neither judicial economy nor convenience favors retaining jurisdiction, as the Court has not expended significant resources on Plaintiff's state law claims and their outcome is not pre-ordained by disposition of Plaintiff's Section 1983 claim as untimely.").

Comity between state and federal courts does not change the outcome, and Plaintiffs cite nothing to support an argument that Illinois has a superseding interest in seeing its laws enforced by a federal court when a state court cannot consider Illinois state law claims. On the contrary,

there is a "legitimate and substantial concern with minimizing federal intrusion into areas of purely state law." *RWJ Mgmt.*, 672 F.3d at 479. As already explained, Plaintiffs' reasoning would allow plaintiffs to force federal courts to keep state law claims simply by filing and then voluntarily dismissing them in state court, then refiling the claims in federal court to guarantee that a state court would not entertain them if the federal court later relinquishes supplemental jurisdiction. This makes little sense and overlooks that Illinois itself is unsympathetic to plaintiffs whose claims are foreclosed under the Illinois savings statute following federal relinquishment of supplemental jurisdiction. *See Timberlake v. Illini Hosp.*, 175 Ill.2d 159, 165 (Ill. 1997) ("[A] dismissal for lack of supplemental jurisdiction has no different effect on a plaintiff's right to refile under section 13-217 than does a dismissal for lack of subject matter jurisdiction generally. . . . No matter why the second dismissal took place, the statute does not give plaintiff the right to refile again.").

Based on the particular circumstances here, the Court finds it appropriate to relinquish supplemental jurisdiction over Plaintiffs' state law claims now that their federal claims have been dismissed.

## Conclusion

The Court grants Defendants' motion (ECF No. 262) and declines to exercise supplemental jurisdiction over Plaintiffs' state law claims, Counts VII through XI. The Court dismisses Plaintiffs' Counts VII through XI without prejudice.

**SO ORDERED.**                                        **ENTERED: July 31, 2023**

                                        _____

                                        **HON. JORGE ALONSO**
                                        **United States District Judge**